HEENAN, Respondent, v. SOUTH DAKOTA PROVISION COMPANY, Appellant.

(161 N. W. 191.)

(File No. 3955.    Opinion filed February 3, 1917.    Rehearing denied March 22, 1917.)

1. Appeals—Master and Servant—Negligence—Hog Falling on Plaintiff—Dangerous Appliances—Assumption of Risk—Contributory Negligence—Evidence, Sufficiency of.

In a suit for damages for injury to plaintiff employee, who, while working upon the carcasses of hogs in defendant's packing house, was injured by the falling of a hog upon him, the evidence involving the question of the alleged default of defendant in failing to furnish proper tools and appliances, after being requested by plaintiff to remedy certain defects, etc., in certain rollers on which hogs were suspended, and involving also plaintiff's alleged contributory negligence, and the assumption of risk by him, held, that the evidence, being conflicting, was such in nature that the Supreme Court will not interfere with a verdict for plaintiff; it being sustained by sufficient evidence.

2. Trials—Misconduct of Counsel—Review—Affidavits Alleging Error, Want of—Statute.

Under Code Civ. Proc., Sec. 302, providing that application for new trial on ground of misconduct of counsel shall be made upon affidavit, the Supreme Court will not review the question of misconduct of counsel to the jury in absence of such affidavits.

Appeal from Circuit Court, Minnehaha County    Hon. JOSEPH W. JONES, Judge.

Action by John C. Heenan, against the South Dakota Provision Company, to recover damages for personal injury. From

a judgment for plaintiff, and from an order denying a new trial, plaintiff appeals.     Affirmed.

*John D. Lynch,* and *Sears & Snyder,* for Appellant.

*W. H. Shurtleff,* for Respondent.

McCOY, J.   [1] This action was brought by plaintiff to recover damages for personal injury alleged to have been suffered while employed in the packing house of defendant.   There was verdict and judgment for plaintiff, and defendant appeals. Defendant urges the insufficiency of the evidence to sustain the verdict.   It appears that plaintiff's duties were to work upon the carcasses of hogs with a knife while the hogs were suspended on rollers on an overhead rail or trackway, and that the hogs were moved from one workman to another by means of being pushed along by the several workmen who occupied stations immediately beneath this overhead trackway; that while plaintiff was so working and while he was so endeavoring to move the body of a heavy hog, by reason of its defectiveness, the roller became stuck, which caused the hog, when pushed upon, to fall from the trackway and upon plaintiff, and while plaintiff was extricating himself from the falling hog, the knife with which he was working, by no fault on the part of plaintiff, was driven through plaintiff's hand, permanently injuring and crippling him.   It is the contention of plaintiff that the defendant negligently permitted the rollers used upon this trackway to become out of repair and to remain in an imperfect and dangerous condition as one of the appliances with which plaintiff was furnished and required to work.   One of the vital issues in this case was whether or not defendant had negligently furnished to and required plaintiff to work with a defective and insufficient tool or appliance.   There was evidence in the case tending to show that plaintiff had requested the agents of defendant in charge of the work to make repairs and remedy the defects claimed to exist in said rollers, and that such agents of defendant had promised to do so.   It was contended also by the defendant that plaintiff was guilty of contributory negligence, as plaintiff well knew, at the time of the injury in question, that hogs were in the habit of falling and were likely to fall while being pushed along on said trackway, and that plaintiff assumed the natural and necessary risks incident to the falling of such hogs.   Upon these issues as to alleged

negligence of defendant and the alleged contributory negligence of plaintiff there was quite a sharp conflict in the testimony. We are of the view that there was evidence offered on both sides of this controversy sufficient to have warranted a verdict for either party. We are also of the view that the conflict in the evidence in this case is of such a nature that this court would not be justified in interfering with the verdict of the jury, and that the verdict is sustained by sufficient evidence. We are also of the view that the rule announced in the cases of Perreault v. Wisconsin Granite Co., 32 S. D. 275, 144 N. W. 110, and in Iverson v. Look, 32 S. D. 321, 143 N. W. 332, must control in this case.

[2] Appellant also urges error based upon the remarks of plaintiff's counsel to the jury. Just what the counsel did state to the jury is not contained in the record, but the nature thereof in a general way does appear. Plaintiff's counsel made some remarks concerning insurance or some insurance company that might be connected with or interested in this suit. Section 302, C. Civ. Pr., provides that the application for new trial on the ground of misconduct of counsel shall be made upon affidavits. No affidavits appear from the record to have been made calling attention of the trial court to this alleged error. Neither does the record show sufficient in relation to alleged remarks of counsel upon which to base any decision in relation thereto.

Other assignments of error are alleged in relation to the reception and rejection of evidence and instructions of the court, all of which have been carefully examined, and we are of the view that no error is shown in relation thereto that would amount to prejudicial error warranting a reversal of the judgment. It will serve no useful purpose to further refer thereto.

The judgment and order appealed from are affirmed.